## PRIER *v.* STATE TAX COMMISSION

Paul F. Gronnert, Portland, argued the cause for plaintiff. Paul F. Gronnert, Portland, filed a brief for plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered June 29, 1965.

EDWARD H. HOWELL, Judge.

Plaintiffs were the owners of 141 acres, part of which they had planted to filberts. In 1960, they sold

90 acres including their home and some outbuildings.

The parties have stipulated to two issues. The first one is whether or not they can add to their basis for the sale the reasonable value of the personal labor of plaintiff, William Prier, in planting and maintaining the filbert orchard.

ORS 316.270(2)(a) provides in substance that the adjusted basis for determining the gain or loss from the sale of property shall include expenditures, receipts, losses or other items, *properly chargeable to capital account.* (Emphasis supplied.)

■ There are no cases on the issue but a farmer's personal labor is not a business expense that can be deducted in computing gross income. ORS 316.305(1) states that the "ordinary and necessary expenses, *paid* during the tax year" are deductible. (Emphasis supplied.) The State Tax Commission's Reg. 316.305(1)-(F), on this statute also specifically rules out the labor of the taxpayer as a deduction. It states:

"Reg. 316.305(1)-(F). Expenses of Farmers. A farmer who operates a farm for profit is entitled to deduct from gross income as necessary expenses all amounts actually expended in carrying out the business of farming. The cost of ordinary tools, of short life or small cost, such as hand tools, including shovels, rakes, etc., may be deducted. The cost of feeding and raising livestock may be treated as an expense deduction in so far as such cost represents actual outlay but not including the value of farm produce grown upon the farm *or the labor of the taxpayer.* Where a farmer is engaged in producing crops which take more than a year from the time of planting to the process of gathering and disposal, expenses deducted may with the consent of the commission be determined upon the crop basis and such deductions must be taken in the year in which the gross income from the crop has been

realized. The cost of farm machinery, equipment and farm buildings represents *a capital investment* and is not an allowable deduction as an item of expense. *Amounts expended* in the development of farms, orchards, and ranches prior to the time when the productive state is reached must be regarded as investments of capital. Amounts expended in purchasing work, breeding, or dairy animals are regarded as investments of capital unless such are included in an inventory in accordance with these regulations. * * * (Emphasis supplied.)

"* * * * *"

■ Under Section 162 of the Internal Revenue Code, which is similar to ORS 316.305, a regulation, 1.162-12, was promulgated and is almost identical to the tax commission's regulation above. Under both regulations farmers may capitalize "amounts expended" in development of farms, orchards, and ranches prior to the time the productive state is reached. In this case, however, no amount was expended and there was no cash outlay to be capitalized. Plaintiff's personal labor is not properly chargeable to a capital account and it cannot be added to their basis on the sale.

When plaintiffs sold the 90 acres in 1960, they used the cost of the entire 141 acres as a basis for their sale of the 90 acres. The second issue as stipulated is whether plaintiffs are entitled to follow this procedure or do they have to apportion among the two parts.

■ The federal rule on the allocation of basis under the fact situation before this court, is found in Section 1.61-6 of the Internal Revenue Regulations. This section provides:

"* * * When a part of the larger property is sold, the cost or other basis of the entire property

shall be equitably apportioned among the several parts, and the gain realized or loss sustained on the part of the entire property sold is the difference between the selling price and the cost or other basis allocated to such part. The sale of each part is treated as a separate transaction and gain or loss shall be computed separately on each part. Thus, gain or loss shall be determined at the time of sale of each part and not deferred until the entire property has been disposed of. * * *"

Under ORS 316.260, the State Tax Commission has, in effect, adopted the federal rule in its promulgation of Regulation 316.260-(A), which provides in part as follows:

"* * * Where property is acquired as a whole without segregation into units and a part of it is subsequently disposed of, ordinarily gain or loss is to be computed on the part disposed of and not held in abeyance until the entire basis is recovered, and a proper portion of the basis is accordingly allocated to the part sold."

That an allocation is required under the federal rule see the following: *Commissioner of Internal Revenue v. Cedar Park Cemetery Ass'n., Inc.,* 183 F 2d 553 (7th Cir 1950), 50-2 USTC 9376; *Clarke v. Commissioner,* 22 BTA 314, 325 (1931); *Cleveland-Sandusky Brewing Corp. v. Commissioner,* 30 TC 539, 544, 545 (1958); 3A Mertens, *Law of Federal Income Taxation,* § 21.14.

■ This court holds that the basis must be apportioned among the two parts—the portion sold and the portion retained.

As mentioned, the issues were stipulated and no evidence presented. The cause is remanded to the defendant tax commission to determine the proper basis to be allocated to the 90 acres sold.